**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Warisuzzaman, | No. CV-26-01115-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Ali Warisuzzaman brings this suit against the City of Phoenix, Phoenix Police Department, Officer E. Gustafon, American Airlines, and Captain Doe. (Doc. 1 at 2-4.) He alleges that his constitutional rights were violated while traveling from Philadelphia to Phoenix on an American Airlines flight. (*Id.* at 2, 6.) Pending before the Court is Plaintiff's Motion to Recuse under 28 U.S.C. § 455. (Doc. 47.) The Court will deny the Motion.

## I.

"[A] judge has as strong a duty to sit when there is no legitimate reason to recuse." *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation modified). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, No. C-07-00915-JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007); *see also Sivak v. Hardison*, 658 F.3d 898, 924 (9th Cir. 2011) ("We presume that Judge Newhouse was impartial because he was a judicial officer.").

A motion for judicial recusal under § 455 "is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). Section 455(a) requires that a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." It is well established in this Circuit that the test for recusal of a judicial officer is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (quoting *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)). A reasonable person "in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (quoting *Clemens*, 428 F.3d at 1178). "Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case." *Carey*, 929 F.3d at 1104 (quoting *Holland*, 519 F.3d at 913).

Section 455(b)(1) separately requires recusal where a judge has a "personal bias or prejudice." But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Absent evidence of an extrajudicial source, recusal is warranted only where judicial conduct displays "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

**II.**

Plaintiff argues that recusal is warranted based on a purported pattern of "procedural irregularities," "selective enforcement of Local Rules," and rulings allegedly favoring Defendants. (Doc. 47 at 1.) Specifically, Plaintiff challenges: (1) the timing of the Court's rulings; (2) the Court's management of default procedures; (3) the Court's handling of discovery and extensions; and (4) the enforcement of Local Rules.

These arguments do not support recusal. Plaintiff identifies no facts suggesting the Court has any personal or financial interest in this case, nor any extrajudicial source of bias. *See Johnson v. Barr*, 79 F.4th 996, 1007 (9th Cir. 2023). Instead, the Motion rests entirely on disagreement with the Court's rulings and case management decisions.

- 2 -

The Court's rulings on administrative motions, scheduling, extensions, and procedural matters are part of its inherent authority to manage the orderly progress of litigation. *See United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008). District courts have broad discretion in these areas, including ruling on motions, managing discovery, and granting or denying extensions of time. *See F.T.C. v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001) (observing that district courts have broad discretion in controlling their dockets); *Barone v. Los Angeles Cnty. Sheriff's Dep't*, No. 2:21-CV-4200-SSS-PD, 2023 WL 8042740, at *3 (C.D. Cal. Oct. 27, 2023) ("[T]he district court has broad discretion to control its docket, including ruling on requests for extensions of time.").

Nor does Plaintiff's invocation of *Liteky* alter the analysis. (*See* Doc. 47 at 5-6.) The conduct Plaintiff identifies consists entirely of rulings and case management decisions made during this proceeding. Under *Liteky*, such actions "do not constitute a basis for a bias or partiality motion" unless they reveal a "deep-seated favoritism or antagonism." 510 U.S. at 555. Plaintiff's Motion, however, merely reflects dissatisfaction with the Court's decisions. But "[a] judge's prior adverse ruling is not sufficient cause for recusal." *Sibla*, 624 F.2d at 868. Because Plaintiff has not shown that a reasonable, well-informed observer would question the Court's impartiality, recusal is not warranted under § 455(a). Nor has Plaintiff demonstrated personal bias under § 455(b)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Recuse (Doc. 47) is **DENIED**.

Dated this 10th day of April, 2026.

Michael T. Liburdi
United States District Judge

- 3 -