**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Warisuzzaman, | No. CV-26-01115-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Before the Court are the Motion for Judicial Notice and Motion to Dismiss filed by Defendants City of Phoenix, Phoenix Police Department, and Officer Gustafson (Doc. 57), and the Motion to Dismiss and Motion to Stay filed by Defendant American Airlines (Doc. 58). The motions are fully briefed, and this Court held oral argument on July 11, 2026. The Court will grant the motions in part and deny them in part. The Amended Complaint will be dismissed.

## I.     BACKGROUND

Plaintiff, proceeding *pro se*, was a passenger on an American Airlines flight from Philadelphia, Pennsylvania, to Phoenix, Arizona in October 2025. (Doc. 21-1 at 5.) While airborne and using the lavatory, Plaintiff alleges that two flight attendants banged on the door, accused him of smoking, repeatedly opened the lavatory door, and summoned law enforcement. (*Id.* at 5-7.)

After the flight landed, Plaintiff encountered several Phoenix Police Department officers in the jetway and gate area. (*Id.* at 7.) Plaintiff insisted that he did not smoke on

the plane and demanded that the officers test him for nicotine. (*Id.* at 8.) Officer Gustafson declined to test him because "there was no charge against [him] and no crime had been committed." (*Id.*)

Following these events, Plaintiff filed this matter accusing the City of Phoenix, Officer Gustafson, American Airlines, and others, of several federal civil rights violations and violations of tort law under Arizona law. (Doc. 21-1.) Both the City of Phoenix Defendants—the City, the Phoenix Police Department, and Officer Gustafson—and Defendant American Airlines move to dismiss the Amended Complaint under Federal Rules of Civil Procedure 8 and 12(b)(6). (Docs. 57, 58.) The Court now rules.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.*

At the pleading stage, the Court's duty is to accept all well-pleaded complaint allegations as true. *Id.* Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court is not required "to accept as true a legal conclusion couched as a factual allegation" or threadbare recitals of a claim's elements. *Iqbal*, 556 U.S. at 678. "[D]ismissal . . . is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal marks omitted).

The Court should construe pleadings of pro se litigants liberally, so that non-frivolous claims may have their day in court. *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014). With that understanding, however, "[f]ederal courts, including the Ninth Circuit, recognize the important goals served by lenient treatment of pro se litigants must necessarily yield to prejudice suffered by the courts and other parties." *VonGrabe v.*

*Sprint PCS*, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004).

**III.     DISCUSSION**

    **A.     Body Camera Footage**

The Court first addresses the request by the City of Phoenix, the Phoenix Police Department, and Officer Gustafson to take judicial notice of footage from Officer Gustafson's body-worn camera. (Doc. 57 at 6-8.)

Generally, when assessing the sufficiency of a complaint under Rule 12(b)(6), courts may not consider material outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(d). Judicial notice is an exception to that general rule. *Id.* Judicial notice is appropriate if an adjudicative fact is "not subject to reasonable dispute," meaning it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[Courts] may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (citation omitted).

Defendants contend that the Court may consider the body-camera footage because Plaintiff refers to it directly, devotes an entire section of the Complaint to his review of it, and does not dispute its authenticity. (Doc. 57 at 7.) Plaintiff does refer to the footage in the Complaint, and the footage concerns the circumstances underlying his claims. *See Lihosit v. Flam*, No. CV-15-01224-PHX-NVW, 2016 WL 2865870, at *3 (D. Ariz. May 17, 2016). But Plaintiff expressly challenges the footage's authenticity and completeness. In his response, he asserts that, "[b]efore the Bodycam footage attains any evidentiary value in this case, it has to go through a forensic audit." (Doc. 79 at 4.)

Plaintiff also disputes what the footage depicts. He maintains that the Complaint's "account of the event . . . is markedly different from Defense Counsel's unsworn version of the purported footage." (Doc. 79 at 3.) He further contends that "the Body Cam's footage nowhere covers a 380-degree [sic] sweep to cover the armed men 'positioned in a circular formation.'" (*Id.*) The Court cannot rely on the footage without resolving factual disputes

concerning its authenticity, completeness, and meaning—matters that are not properly resolved on a motion to dismiss. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

Courts have declined to consider law-enforcement body-camera footage at the pleading stage when the footage's authenticity, completeness, or interpretation is disputed. *See, e.g.*, *Walbridge v. City of Oilton*, 785 F. Supp. 3d 978, 990 (N.D. Okla. 2025); *Fuqua v. Santa Fe County Sheriff's Office*, 157 F.4th 1288, 1299 (10th Cir. 2025); *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 325 (E.D. Tex. 2021). Accordingly, the Court will deny Defendants' request to take judicial notice of Officer Gustafson's body camera footage.

### B.    Phoenix Police Department

Next, Defendants City of Phoenix, Phoenix Police Department, and Officer Gustafson argue that the Phoenix Police Department is a non-jural entity and that all claims against it must therefore be dismissed. (Doc. 57 at 8.) Under Arizona law, "a governmental entity may be sued only if the legislature has so provided" because it has "no inherent power and possess[es] only those powers and duties delegated to them by their enabling statutes." *Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 487 (App. 2010).

Courts in this District have repeatedly held that the Phoenix Police Department is a non-jural entity. *See Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 885 (D. Ariz. 2008) (noting that "[n]either the Arizona legislature nor the City [of Phoenix] has stated that the Police Department is a separate jural entity"); *Machowicz v. Maricopa County*, No. CV-21-00316-PHX-JJT, 2021 WL 4319206, at *3 (D. Ariz. Sept. 23, 2021) ("[T]he Court concludes that the Phoenix Police Department is a non-jural entity and will dismiss the claims against it."). Accordingly, the Court will dismiss all claims against the Phoenix Police Department.

### C.    Motions to Dismiss

The remaining Defendants, American Airlines, City of Phoenix, and Officer Gustafson, move to dismiss all nineteen claims of Plaintiff's First Amended Complaint.

(Docs. 57, 58.) The Court addresses each count in turn.

### 1. Section 1985(3) Claim (Count I)

In Count I, Plaintiff asserts a claim under 42 U.S.C. § 1985(3) against the City of Phoenix, Officer Gustafson, and American Airlines, alleging that they conspired to deprive him of his constitutional rights. (Doc. 21-1 at 16.) The City and Officer Gustafson argue that the claim must be dismissed because Plaintiff fails to allege facts showing an agreement to deprive him of his rights. (Doc. 57 at 19.) American Airlines similarly argues that Plaintiff provides no factual allegations supporting the existence of a conspiracy. (Doc. 58 at 11.)

To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). A plaintiff must also allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001). And the complaint must contain specific facts supporting the existence of an agreement among the defendants; a bare allegation of conspiracy is insufficient. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff alleges that Defendants "reached a unity of purpose and a meeting of minds" to injure him and that the alleged conspiracy was motivated by his race, color, or national origin. (Doc. 21-1 at 16.) But these allegations merely recite the elements of the claim. Plaintiff alleges no facts showing when or how an agreement was formed, what Defendants agreed to do, or that they shared a discriminatory objective. Because Plaintiff's allegations of both conspiracy and discriminatory animus are conclusory, Count I fails to state a claim and will be dismissed. *See Rolle v. Robel*, No. CV-23-00336-PHX-SMM,

2024 WL 342457, at *4 (D. Ariz. Jan. 30, 2024) (finding that the plaintiff failed to state a claim under § 1985 because he "failed to assert the existence of a conspiracy" where there were only "unsupported allegations" of racial animus).

### 2. Section 1983 Claims (Counts II(A)-VIII)

Plaintiff asserts claims under § 1983 for unreasonable seizure, false arrest, denial of equal protection, conspiracy, interference with interstate travel, denial of his right to be treated as a welcome visitor, municipal liability, and denial of procedural due process. (Doc. 21-1 at 18-36.)

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff raises these claims as to all Defendants, so the Court addresses these claims as to each Defendant separately.

### i. American Airlines

American Airlines is a private entity and may be liable under § 1983 only if it was a willful participant in joint action with the state or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Private conduct is presumptively not state action, and merely reporting suspected misconduct or requesting police assistance does not transform a private party into a state actor. *See Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999).

Plaintiff alleges that American Airlines acted jointly with Officer Gustafson by providing false information and requesting law-enforcement assistance. (Doc. 21-1 at 24-28.) He alleges no facts showing a preexisting agreement, shared decision-making, or control by American Airlines over the police response. *See Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) ("[M]erely complaining to the police does not convert a private party into a state actor."). These allegations do not overcome the presumption that American Airlines engaged in private conduct. All § 1983 claims against American Airlines therefore fail, and the Court will dismiss them.

### ii.    City of Phoenix

The City of Phoenix argues that all counts fail to allege constitutional violations because "(1) Plaintiff fails to allege any constitutional injury, and, even if he did, (2) he fails to allege a policy or custom attributable to the City that caused the alleged injuries." (Doc. 57 at 8.) To state a § 1983 claim against the City of Phoenix, Plaintiff must properly allege a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

Under § 1983, a municipality is considered a "person" and thus can be liable for causing a constitutional deprivation. *Id.* A municipality, however, may not be sued under § 1983 "solely because an injury was inflicted by its employees or agents." *Id.* Instead, it is responsible when the deprivation of rights was a result of executing a government policy or custom. *Id.*

A municipality may also be held responsible for a constitutional violation committed by an employee if the Plaintiff establishes that (1) a municipal employee violated the Plaintiff's constitutional rights, (2) the municipality has customs or policies that amount to deliberate indifference, and (3) these customs or policies were the moving force behind the employee's violation of constitutional rights. *Gibson v. County of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "Proof of random acts or isolated events is insufficient to establish custom." *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). However, a plaintiff may prove "the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992).

Plaintiff identifies purported customs of accepting unverified airline reports, treating minority passengers as threats, and failing to document airport encounters. (Doc. 21-1 at 29-34.) But he alleges no facts establishing an official policy, a widespread practice, repeated similar constitutional violations, notice to City policymakers, or deliberate indifference. His assertions that the City has followed these practices for years

and has long been on notice merely restate the elements of municipal liability. *See Chavez v. City of San Jose*, No. 24-CV-06378-NC, 2025 WL 372107, at *2 (N.D. Cal. Feb. 3, 2025) (dismissing a § 1983 claim against a municipality because the plaintiff failed to sufficiently allege a policy or custom, unconstitutional conduct, and deliberate indifference). Accordingly, Count VII and all other § 1983 claims against the City fail to state a claim.

### iii.   Officer Gustafson

Plaintiff asserts six § 1983 claims against Officer Gustafson: unreasonable seizure and false arrest under the Fourth Amendment (Counts II(A) and II(B)); denial of equal protection (Count III); conspiracy to deprive civil rights (Count IV); interference with interstate travel and the right to be treated as a welcome visitor (Counts V and VI); and denial of procedural due process (Count VIII). Officer Gustafson argues that Plaintiff fails to plausibly allege that he violated any constitutional right. (Doc. 57 at 8-19.)

Plaintiff first alleges in Counts II(A) and II(B) that Officer Gustafson subjected him to an unreasonable seizure and false arrest in violation of the Fourth Amendment. A person is seized when, under the totality of the circumstances, a reasonable person would not feel free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). A defendant is liable under § 1983 only for his own conduct and may not be held liable merely because other officers were present. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff alleges that seven to ten armed officers formed a circle that blocked his path and that Officer Gustafson approached him. (Doc. 21-1 at 7.) But Plaintiff does not allege that Officer Gustafson directed the other officers, ordered Plaintiff to remain, blocked his movement, threatened him, touched him, or otherwise restrained him. Instead, Plaintiff alleges that he asked Officer Gustafson to take him to the police station for nicotine and polygraph testing, and that Officer Gustafson declined because Plaintiff had not been charged and no crime had occurred. (*Id.* at 8.) Plaintiff also acknowledges that he was not handcuffed or placed in a police vehicle. (*Id.* at 20.) These allegations do not plausibly establish a seizure attributable to Officer Gustafson, much less an arrest. Counts

II(A) and II(B) therefore fail.

Plaintiff's equal protection claim rests solely on the conclusory allegation that Officer Gustafson acted because of Plaintiff's race and national origin. Plaintiff identifies no discriminatory statement, similarly situated traveler treated differently, or other facts supporting discriminatory intent. *See Humphreys v. Burgher*, No. 3:18-CV-05736-RJB-JRC, 2020 WL 1310347, at *6 (W.D. Wash. Feb. 13, 2020), *report and recommendation adopted*, No. 3:18-CV-05736-RJB-JRC, 2020 WL 1304045 (W.D. Wash. Mar. 19, 2020) (dismissing an equal protection claim because Plaintiff's complaint lacked "any of the required elements of an equal protection claim: that plaintiff was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class" (internal quotation marks omitted)). Likewise, his conspiracy claim alleges only that Officer Gustafson and American Airlines reached a "unity of purpose and a meeting of the minds," without facts showing any agreement between them. *See Marts v. Burfield*, 961 F.2d 216 (9th Cir. 1992) ("Vague and conclusory allegations are not sufficient to support a claim for civil rights violation based on conspiracy."). Counts III and IV therefore fail.

Plaintiff also does not allege that Officer Gustafson prevented him from entering or leaving Arizona, burdened interstate travel, or treated him differently because he was a Pennsylvania resident. Counts V and VI therefore do not implicate the constitutional right to interstate travel or the right to be treated as a welcome visitor. *See Saenz v. Roe*, 526 U.S. 489, 500-01 (1999).

Finally, Plaintiff alleges that Defendants violated procedural due process by failing to provide a formal basis for the encounter and by failing to create an incident report or other police records. (Doc. 21-1 at 35-36.) But Plaintiff identifies no protected liberty or property interest in the creation of police records, receipt of an incident number, or provision of a post-encounter hearing. *See Walls v. Pastor*, No. C12-5183 RBL/KLS, 2012 WL 2903326, at *4 (W.D. Wash. June 20, 2012), *report and recommendation adopted*,

No. C12-5183 RBL/KLS, 2012 WL 2903325 (W.D. Wash. July 16, 2012) (dismissing a procedural due process claim where the plaintiff "alleges no deprivation of any protected liberty or property interest and identifies no procedural protections that he was denied that could form a basis for a claim of denial of procedural due process"). To the extent he challenges an allegedly unlawful detention, that claim is governed by the Fourth Amendment rather than procedural due process.

Accordingly, Counts II(A) through VI and VIII fail to state a § 1983 claim against Officer Gustafson and will be dismissed.

### 3.    Arizona Tort Law Claims (Counts IX-XVII)

Plaintiff brings an additional eight claims under Arizona tort law, including intentional infliction of emotional distress, defamation/slander, negligence-per-se, and negligent hiring, training, supervision, retention, entrustment, and infliction of emotional distress. (Doc. 21-1 at 38-50.) Defendants argue that these claims rely on conclusory allegations and fail to plead the elements of any recognized Arizona tort. (Docs. 57 at 19-23; 58 at 12-15.)

Plaintiff's negligence-per-se claim fails because none of the cited statutes or regulations establishes an applicable standard of care designed to protect Plaintiff from the harm alleged. *See Ibarra v. Gastelum*, 249 Ariz. 493, 495-96 (App. 2020). Some provisions regulate aircraft operation or passenger interference, others authorize airline safety decisions or prohibit specific criminal conduct, and the public-records statutes concern record preservation and disclosure. They do not impose the duties Plaintiff alleges Defendants breached. (*See* Doc. 21-1 at 38-39.) Count IX therefore fails.

Plaintiff's negligent hiring, training, supervision, and retention claims likewise fail. To state such a claim, Plaintiff must allege that an employee committed an underlying tort and that the employer knew or should have known the employee was unfit. *See Mulhern v. City of Scottsdale*, 165 Ariz. 395, 398 (App. 1990). Plaintiff alleges that American Airlines' employees lacked adequate training in anti-discrimination rules and that Officer Gustafson lacked adequate training in constitutional seizure standards. (Doc. 21-1 at 39-42.) But he

alleges no supporting facts concerning the employees' actual training, prior misconduct, incompetence, or circumstances that placed either employer on notice of an unreasonable risk. Nor does he plausibly allege an underlying tort committed by Officer Gustafson. Counts X through XIII therefore fail.

Count XIV also fails. Arizona recognizes negligent entrustment when a defendant supplies a chattel for another's use despite knowing or having reason to know that the person is likely to use it in a manner creating an unreasonable risk of physical harm. *See Martin v. Schroeder*, 209 Ariz. 531, 533 (App. 2005). Plaintiff alleges that American Airlines entrusted Captain Doe with authority over the aircraft, passenger removal, and requests for police assistance. (Doc. 21-1 at 42-43.) But the delegation of employment authority is not the entrustment of a chattel contemplated by Arizona law. Nor does Plaintiff allege supporting facts showing that American Airlines knew or should have known Captain Doe was incompetent to use any entrusted instrumentality safely. Count XIV therefore fails.

Plaintiff's emotional-distress claims are similarly deficient. A negligent-infliction-of-emotional-distress claim requires an unreasonable risk of bodily harm and resulting physical injury. *See Keck v. Jackson*, 122 Ariz. 114, 115-16 (1979). Plaintiff alleges only a risk of restraint or detention and lists symptoms such as palpitations, headaches, and insomnia. (Doc. 21-1 at 43-44.) Those allegations do not plausibly establish a zone of danger or substantial physical injury. Count XV therefore fails. And the conduct alleged in Count XVI—approaching Plaintiff, questioning him, and declining his request for testing—is not extreme and outrageous as a matter of law. *See Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987).

Finally, Plaintiff's defamation claim alleges that Officer Gustafson described him as "non-compliant," "refusing lawful orders," "disruptive," and "a threat" to airline personnel, police officers, airport staff, and bystanders. (Doc. 21-1 at 49.) But Plaintiff does not allege the circumstances in which any statement was made, identify any particular recipient, or provide facts showing that Officer Gustafson actually made the statements.

His conclusory allegations do not provide sufficient context to determine whether any statement was factual, defamatory, or published. *See BLK III, LLC v. Skelton*, 252 Ariz. 583, 588-89 (App. 2022). Count XVII therefore fails.

Accordingly, Counts IX through XVII fail to state a claim and will be dismissed.

### 4.    Wrongful Denial of Access to Public Records (Count XVIII)

Arizona law permits an action by a person who was wrongfully denied access to public records. A.R.S. §§ 39-121, 39-121.02. Plaintiff alleges that the City denied his request by asserting that no responsive records existed. (Doc. 21-1 at 51.) But Plaintiff acknowledges that the City produced Officer Gustafson's body-camera footage on March 5, 2026. (*Id.* at 8.) Any claim seeking production of that footage is therefore moot.

As to any additional records, Plaintiff alleges only that such records must exist because police officers responded to the airport. But Arizona law does not require a public body to produce records it does not possess or to create records that were never made. *See Humphrey v. State*, 249 Ariz. 57, 68 (App. 2020). Because Plaintiff alleges no facts plausibly showing that the City withheld any existing record, Count XVIII fails and will be dismissed.

### D.    Leave to Amend

Under Rule 15(a)(2), leave to amend should be freely given "when justice so requires." But leave is not required where amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). A district court's discretion to deny leave is "particularly broad" where, as here, the plaintiff has already amended once. *See Zucco Partners, LLC v. Digital Island, Inc.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Plaintiff has already filed a more than sixty-page First Amended Complaint setting out the incident in detail and asserting nineteen claims. The defects identified above are not the result of insufficient detail. Several claims fail as a matter of law, including the claims against the Phoenix Police Department, the interstate-travel claims, and the public-

records claim based on records that do not exist. The remaining claims are foreclosed by Plaintiff's own allegations or rest only on conclusory assertions of conspiracy, discrimination, municipal policy, incompetence, and defamatory publication.

In particular, Plaintiff alleges that Officer Gustafson did not charge, handcuff, transport, or arrest him and instead declined Plaintiff's request to be taken to the police station because no crime had occurred. (Doc. 21-1 at 8, 20.) Additional allegations cannot transform that encounter into the constitutional and tort violations alleged without contradicting the facts Plaintiff has already pleaded.

Because further amendment would not cure the deficiencies identified in this Order, the Court will dismiss the First Amended Complaint with prejudice and without leave to amend. *See Wade v. CMS Med. Servs., Inc.*, 86 F. App'x 291, 292 (9th Cir. 2004) (holding that the district court did not abuse its discretion because a second amended complaint would not cure the deficiencies).

## IV.    CONCLUSION

**IT IS ORDERED granting in part and denying in part** the City of Phoenix, Phoenix Police Department, and Officer Gustafson's Motion for Judicial Notice and Motion to Dismiss (Doc. 57). The request for judicial notice is denied, and the motion to dismiss is granted.

**IT IS FURTHER ORDERED granting in part and denying in part** American Airlines' Motion to Dismiss (Doc. 58). The request for a stay is denied, and the motion to dismiss is granted.

**IT IS FINALLY ORDERED** dismissing this action with prejudice and directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 24th day of July, 2026.

Michael T. Liburdi
United States District Judge